UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Reginald Griffin,

       Petitioner,

       Case No.: 1:13-cv-861

v.

       Judge Michael R. Barrett

Warden, Allen Correctional Institution,

       Respondent.

## OPINION & ORDER

This matter is before the Court on the July 30, 2014 Report and Recommendation ("R&R") of the Magistrate Judge. (Doc. 16).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).[1] Petitioner filed Objections to the R&R. (Doc. 21). For the reasons stated below, the Court OVERRULES Petitioner's Objections, and the Magistrate Judge's R&Rs is ADOPTED in its entirety.

**I.    Background**

Petitioner, an inmate at the Southern Ohio Correctional Facility in Lucasville, Ohio,[2] is proceeding *pro se* in this matter. Petitioner has filed a petition for a writ of

---

[1] Notice was attached to the Report regarding objections. (Doc. 16, PAGEID # 261).

[2] A notice was received from Petitioner on December 22, 2014 that he had been transferred from Allen Correctional Institution to SOCF

1

habeas corpus pursuant to 28 U.S.C. § 2244.

The Magistrate Judge found that Petitioner's claim is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. The Magistrate Judge determined that the applicable provision is 28 U.S.C. § 2244(d)(1)(A). The Magistrate Judge also determined that the statute of limitations commenced running on August 24, 2011, one day after the 90-day period expired for filing a petition for writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's final entry on May 25, 2011 affirming the Ohio Court of Appeals' direct appeal decision, and expired on August 23, 2012. The Magistrate Judge also found that Petitioner has not demonstrated that he was prevented by state action from timely submitting his petition to the Court for filing on the August 23, 2012 deadline date. Finally, the Magistrate Judge found that neither statutory nor equitable tolling principles apply to further extend the limitations period or otherwise avoid the statute of limitations bar to review in this case.

In his Objections, Petitioner repeats his argument that he placed his petition in the prison's internal mailing system on August 23, 2012, but prison officials returned his petition several weeks later. Petitioner claims that prison officials informed him that his petition had not been mailed due to insufficient funds in his prison account. Petitioner argues that it was improper for the prison officials to return his petition because he was entitled to free first class mail to courts of law. Petitioner argues that his petition should be considered timely filed.

II. **Analysis**

When objections to a magistrate judge's report and recommendation are

received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

As the Magistrate Judge explained, Petitioner has not presented any evidence that he submitted his petition for mailing to the prison officials on August 23, 2012. Instead, Respondent presented the affidavit of an account clerk supervisor which states that there are no records showing Petitioner submitted a cash withdraw slip to pay for a court filing fee during the relevant time period.  Similarly, as the Magistrate Judge explained, based on an analysis of Petitioner's prison account statements, there is no evidence that prison officials failed to comply with prison regulations or policies.  Finally, as the Magistrate Judge explained, even if Petitioner qualified as an indigent inmate who is entitled to free first class mail, on August 23, 2012, Petitioner would have had insufficient funds to cover not only the cost of mailing, but also the $5.00 filing fee.

The Court finds no error in the Magistrate Judge's conclusion that Petitioner's habeas claim is barred from review by the one-year statute of limitations.

## III.   Conclusion

Based on the foregoing, the Magistrate Judge's R&R (Doc. 16) is **ADOPTED** in its entirety.  Accordingly, the Court **ORDERS** as follows:

1. Respondent's motion to dismiss (Doc. 7) is GRANTED, and Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DISMISSED with prejudice on the ground that the petition is time-barred

under 28 U.S.C. § 2244(d).

2. A certificate of appealability shall issue with respect to the statute of limitations issue addressed herein because under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" could find it debatable whether the Court is correct in its procedural ruling and whether Petitioner has stated a viable constitutional claim for relief in his petition.

3. With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would be taken in "good faith," and therefore Petitioner is GRANTED leave to appeal in forma pauperis upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

4. This matter shall be closed and terminated from the active docket of this Court.

**IT IS SO ORDERED**.

                                                */s/ Michael R. Barrett*
                                                United States District Judge